UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.     : | Case No. 21-mj-65 (ZMF) |
| : | |
| ARTIE BYRD,    : | |
| : | |
| Defendant.    : | |

## UNOPPOSED MOTION FOR BODY-WORN CAMERA PROTECTIVE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court to issue a protective order governing body-worn camera materials disclosed by the government at any stage of this case. The United States and the defendant have reached an agreement as to the proposed protective order. Therefore, the United States is authorized to represent to the Court that the defendant does not oppose this motion or the entry of the attached protective order.

                Respectfully submitted,

                MICHAEL R. SHERWIN
                Acting United States Attorney

By:    */s/ Jeffrey N. Poulin*
           Jeffrey N. Poulin
           Assistant United States Attorney
           WV Bar No. 11437
           555 4th Street, N.W., Room 2409
           Washington, D.C. 20530
           202-252-2641
           Jeffrey.poulin@usdoj.gov

**DATE:** January 25, 2021

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-mj-65 (ZMF) |
| : | |
| ARTIE BYRD, : | |
| : | |
| Defendant. : | |

**CONSENT PROTECTIVE ORDER
GOVERNING BODY-WORN CAMERA MATERIALS**

To expedite the government's disclosure of body-worn camera materials ("BWC materials"), and to adequately protect the privacy rights of the persons identified therein, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), and with the consent of the parties, it is hereby **ORDERED**:

1. **Materials Subject to this Order.** Except as provided herein, this protective order ("Order") governs BWC materials disclosed by the government at any stage of this case.

2. **Legal Defense Team.** The "legal defense team" includes defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case. The legal defense team shall not include the defendant or the defendant's family members, friends, or associates.

3. **Limitations on Dissemination.** Except as otherwise permitted by this Order, the legal defense team shall not disseminate BWC materials directly or through any person or instrumentality to any person, entity, or public forum, other than members of the legal defense team.

4. **Limitations on Use.**  Subject to the limitations contained in this Order and without further order of the Court, the defendant and the legal defense team may use BWC materials solely in connection with this case, including any post-conviction or appellate litigation, and for no other purpose, and in connection with no other proceeding.  The legal defense team may discuss BWC materials with and defense counsel may authorize the viewing of BWC materials by the defendant and third persons (hereinafter "authorized persons") where doing so reasonably can be expected to further the investigation of the defendant's case and the preparation of the defense.

5. **Limitations on Reproduction.**  Subject to the limitations contained in this Order, the legal defense team may physically or electronically reproduce BWC materials as deemed necessary by defense counsel for use in connection with this case.  Except as authorized herein, the legal defense team shall not provide a copy, screenshot, or electronic reproduction of the BWC materials to the defendant or any authorized person.  Any reproductions of BWC materials authorized by defense counsel shall be treated in the same manner as the original BWC materials.

6. **Storage Requirements.**  Except as authorized herein, the legal defense team shall store BWC materials in a secure physical or electronic environment that limits access to members of the legal defense team.  Defense counsel shall be responsible and accountable for maintaining, securing, and storing the BWC materials, including all reproductions thereof, and taking all necessary precautions to prevent unauthorized access.

7. **Responsibility to Prevent Reproduction During Viewing.**  If defense counsel authorizes the defendant or another third person to view BWC materials, the legal defense team shall ensure that the defendant or such authorized person does not copy, photograph, take screenshots, or otherwise reproduce the BWC materials.

8. **Viewing by Incarcerated Defendants.**  If the defendant is incarcerated by the District of Columbia Department of Corrections (hereinafter "DCDOC"), defense counsel is authorized to provide a copy of the BWC materials to the DCDOC Office of General Counsel so that the defendant can view the BWC materials pursuant to DCDOC's alternative viewing procedure.  Nothing in this Order relieves the defendant or the legal defense team of its obligation to execute a waiver, or to comply with any other requirements established by the DCDOC's Procedures for Attorney Visitation and Discovery/Surveillance Review policy.

9. **Notifications Regarding this Order.**  Defense counsel must provide members of the legal defense team, the defendant, and any other authorized person, with a copy of this Order before providing them with access to, or permitting them to view, BWC materials.

10. **Disposition Following the Conclusion of this Criminal Case.**  Following a dismissal or acquittal in this case, defense counsel shall destroy or return to the United States the BWC materials.  Following a conviction in this case, defense counsel may retain a copy of the BWC materials.  This Order shall remain in effect after the conclusion of this case and shall continue to govern the dissemination, use, reproduction, storage, and retention of BWC materials disclosed in this case.  Nothing in this Order prevents the government from seeking a court order to further restrict the retention of BWC materials, and nothing in this Order prevents defense counsel from seeking a court order allowing broader retention of the BWC materials.

11. **Automatic Exclusions from this Order.**  This Order does not apply to BWC materials that are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials, or materials that are publicly released by the U.S. Attorney's Office or the government of the District of Columbia, including the Metropolitan Police Department.

12. **Scope of this Order.** This Order does not prevent any party from objecting to the discovery or admission of BWC materials that it otherwise believes to be improper. This Order also does not constitute a ruling on: (A) any potential objection to the discoverability or admissibility of BWC materials; or (B) whether any particular BWC material is properly discoverable or admissible. This Order is not intended to limit the use of BWC materials in any judicial proceedings in this case.

13. **Modification of this Order.** Consent to this Order does not constitute a waiver or otherwise prevent any party from seeking modification of this Order.

**SO ORDERED** this _____ day of _____, 2021.

_____
HONORABLE ZIA M. FARUQUI
United States Magistrate Judge